IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 00-Z-1232

EUGENE SZYMANSKI,
        Petitioner,
v.

AL HERRERA, Warden, and U.S. PAROLE COMMISSION,
        Respondents.
_____

ORDER
_____

Magistrate Judge Craig Shaffer

        This civil action comes before the court on Mr. Szymanski's "Rule 60(b) Motion

to Reopen Case" (Doc. # 30), filed in his *pro se* capacity on July 30, 2012.  Pursuant to

the Special Order of Reference to Magistrate Judge dated October 25, 2000 (Doc. # 8)

and the memorandum dated August 6, 2012 (Doc. # 31), this matter was referred to the

Magistrate Judge.  The court has reviewed the Motion, the entire case file, the relevant

record, and the applicable law and is sufficiently advised in the premises.


I.      Background

        Mr. Szymanski was convicted in the U.S. District Court for the Eastern District of

Michigan and sentenced on November 9, 1987 to (1) a 15-year term for the offense of

conspiracy to distribute heroin (2) a concurrent 15-year term for the offense of

distribution of heroin, and (3) a 5-year term of special parole. (*See* Exhibit A to

Respondents' Answer and Return (Doc. # 13)).  On March 19, 1994, he was paroled on

his 15-year term and was to remain under regular parole until August 19, 2002.  (*See*

1

Exhibit B to Respondents' Answer and Return).  On February 13, 1995, the United States Parole Commission held a parole revocation hearing and found that Mr. Szymanski violated parole based on the following charges: (1) law violation -- assault and battery, assault with a dangerous weapon and (2) illegal possession of a firearm. (*See* Exhibit D to Respondents' Answer and Return).  The Commission revoked Mr. Szymanski's parole and ordered that all the time spent on parole be credited.  (*See* Exhibit E to Respondents' Answer and Return).  On appeal to the National Appeals Board, the Commission's decision was affirmed in a Notice of Action dated May 31, 1995. (*See* Exhibit F to Respondents' Answer and Return).

Mr. Szymanski was mandatorily released from prison on June 12, 2000 and was to remain under supervision, as if on parole, until the full term date of his sentence, less 180 days, on February 20, 2002.  (*See* Exhibit G to Respondents' Answer and Return). His 5-year special parole term was to commence upon completion of his underlying 15-year sentence on February 21, 2002.  (*See id.*).

Mr. Szymanski advanced four claims for relief in his Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by Person in Federal Custody ("Petition") (Doc. # 6).  In Claim One, he asserted that pursuant to a Certificate of Special Parole prepared and executed by the United States Parole Commission, his 5-year special parole term commenced on July 15, 1994 and therefore had terminated on July 14, 1999.  (*See* Exhibit H to Respondents' Answer and Return).  In Claim Two, he asserted that Respondents calculated his sentence incorrectly.  In Claim Three, Mr. Szymanski asserted that Respondents failed to give him credit for 699 days he served

2

in jail.  In Claim Four, he asserted that Respondents Herrera and the Bureau of Prisons failed to investigate and correct his claims of computational errors.

The Petition was dismissed by an Order filed on August 13, 2002 because Claim One failed on the merits and Claims Two, Three, and Four were unexhausted and failed on the merits.  (*See* Doc. # 29).  Mr. Szymanski now asks the court to "reopen [the] case" based on "newly discovered evidence in the form of a Certificate of Special Parole that he alleges "is a forgery."  (*See* Doc. # 30).

II.     Standard of Review

"Relief under Rule 60(b) is warranted only in exceptional circumstances, and [a] plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment."  *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (internal quotation marks and citation omitted).  Mr. Szymanski alleges that the "forged" Certificate of Special Parole is "newly discovered evidence."  To be eligible for relief based on newly discovered evidence, "the moving party must show: (1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Id.*

II.     Analysis

Mr. Szymanski's Motion addresses the Certificate of Special Parole prepared by his probation officer that stated his special parole term commenced in 1994 and terminated in 1999.   (*See* Doc. # 30-1 at 3-4 of 4).   In Claim One of the Petition,  Mr. Szymanski asserted that Respondent Herrera "enhanced Petitioner's sentence by imposing a second 5-year special parole subsequent to the mandatory release." (*See* Petition at 6).   Mr. Szymanski alleged that his 5-year special parole sentence, which was to begin on February 21, 2002, was a "second" term because according to the Certificate of Special Parole he already served this term between July 15, 1994 and July 14, 1999.

The district court determined that Mr. Szymanski's Claim One failed on the merits.

> Szymanski's special parole term was imposed by the sentencing court. (*See* Exhibit A to Respondents' Answer and Return).  The nature of special parole terms are explained in 28 C.F.R. § 2.57:
>
> > The Drug Abuse Prevention and Control Act, 21 U.S.C. sections 801 to 966, provides that, on conviction of certain offenses, mandatory "special parole terms" must be imposed by the court as part of the sentence. This term is an additional period of supervision which commences upon completion of any period on parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision, commences upon such release.
>
> *See also Bifulco v. United States,* 447 U.S. 381, 388 (1980) (stating that special parole is a period of supervision served upon completion of a prison term).  Mr. Szymanski could not have commenced his special parole term before completing his underlying sentence. *Bifulco,* 447 U.S. at 388.  BOP records showed that Mr. Szymanski would complete his underlying sentence on February 20, 2002.  (*See* Exhibit G to

4

Respondents' Answer and Return).  His special parole term was therefore properly scheduled to commence on February 21, 2002.

(*See* Doc. # 29).  The court also specifically determined that "the existence of an

erroneous U.S. Parole Commission document" would "not change the outcome, . . .

especially in light of the fact that the Bureau of Prisons, not the parole officer, is

responsible for calculating Szymanski's sentence."  (*See* Doc. # 29) (citation omitted).

Mr. Szymanski's Petition was filed after the effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 ("the AEDPA").  The AEDPA imposes strict

limitations on the court's ability to reconsider habeas applications that have already

been ruled on.  Title 28 U.S.C. § 2244(b)(1)-(3)(A) states:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or subsequent application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A Rule 60(b) motion that seeks leave to present a claim based on newly discovered evidence is properly treated as a second or successive § 2254 claim "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). An argument should not be treated as a successive § 2254 claim if it "challenges only a procedural ruling of the habeas court" or "a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216. *See also In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) ("a Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding").

The court has already considered whether the erroneous Certificate of Special Parole would change Mr. Szymanski's special parole term and determined that it would not. (*See* Doc. # 29). Mr. Szymanski's allegation of a forged Certificate of Special Parole does not constitute newly discovered evidence that provides a basis for relief under Rule 60(b). Further, because Mr. Szymanski's Motion "depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding," it must be treated as a second or successive habeas petition. *In re Pickard*, 681 F.3d at 1206. For this court to consider a second or successive habeas petition, Mr. Szymanski had to seek an order from the appellate court authorizing this court to do so, 28 U.S.C. § 2244(b)(3)(A), which he does not allege he has done.

Mr. Szymanski's Motion does not merit relief under the ordinary operation of

6

Rule 60(b) and fails to comply with the requirements for successive petitions under the

AEDPA.  Accordingly,

IT IS ORDERED that Mr. Szymanski's "Rule 60(b) Motion to Reopen Case"

(Doc. # 30), filed in his *pro se* capacity on July 30, 2012, is DENIED.

DATED at Denver, Colorado, this 8th day of August, 2012.

BY THE COURT:


 s/Craig B. Shaffer
United States Magistrate Judge